IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

ORLANDO GONZALES and BONNIE
JEAN GONZALES,

              Plaintiffs,

        v.

DAVID SCHUTT,

              Defendant.

No. 1:14-CV-01347-CL

REPORT &
RECOMMENDATION

---

CLARKE, Magistrate Judge.

Plaintiffs Orlando Gonzales ("Mr. Gonzales") and Bonnie Jean Gonzales ("Mrs. Gonzales") (collectively, "Plaintiffs") bring this action against Defendant David Schutt ("Defendant") alleging Defendant maliciously prosecuted Mrs. Gonzales and violated Mr. Gonzales' First Amendment rights by maintaining criminal charges again Mrs. Gonzales as punishment for Mr. Gonzales' political opposition to Defendant's reelection. Currently before the court is Defendant's Motion to Dismiss (#7) and Plaintiffs' Motion for Leave to File a

Second Amended Complaint (#11). For the reasons set forth below, the Court GRANTS Plaintiffs' motion (#11) and recommends that Defendant's motion (#7) be DENIED.

In their briefing and oral argument, Plaintiffs urge the Court to seek a determination from the Oregon Supreme Court regarding the correct date of Defendant's removal from office. The Court declines at this procedural stage to certify any questions to state court.

## BACKGROUND

The following allegations come from Plaintiffs' proposed Second Amended Complaint (#11-1). For the limited purpose of ruling on Defendant's motion to dismiss, the Court assumes these allegations are true and draws all reasonable inferences in Plaintiffs' favor.

On or about October 30, 2008, Defendant — the then Lake County District Attorney — commenced a criminal prosecution against Mrs. Gonzales for the alleged assault of her husband. Second Am. Compl. ¶¶ 3-4. Plaintiffs were the only witnesses to the alleged assault. Second Am. Compl. ¶ 4. Plaintiffs sought dismissal of the charges, contending no assault occurred. Second Am. Compl. ¶ 4. Defendant refused to dismiss the charges and obtained a judicial order prohibiting Plaintiffs from contacting one another. Second Am. Compl. ¶ 4. Defendant was aware that Mrs. Gonzales was and is disabled and dependent on Mr. Gonzales for daily care. Second. Am. Compl. ¶ 4.

Mr. Gonzales openly participated in and contributed to the campaign of Ulys Stapleton ("Stapleton"), Defendant's opponent in the May 2012 primary election. Second Am. Compl. ¶ 4. Stapleton won the election. Second Am. Compl. ¶ 4. After the election, Defendant announced that he would continue to serve his term until January 2013. Second Am. Compl. ¶ 4. He maintained the charges against Mrs. Gonzales. Second Am. Compl. ¶ 4.

In response to Defendant's announcement, Mr. Gonzales and others circulated a petition to recall Defendant from office. Second Am. Compl. ¶ 4. They acquired enough signatures to recall Defendant and submitted them to the Oregon Secretary of State on August 16, 2012. Second. Am. Compl. ¶ 4. Before then — on August 9, 2012 — Defendant sent a letter to the Governor announcing his resignation effective August 31, 2012. Second Am. Compl. ¶ 5. Ultimately, Defendant was removed from office no later than August 21, 2012.[1] Second Am. Compl. ¶ 3.

On August 27, 2012, Defendant secured the transfer of Mrs. Gonzales' case to a friend and political supporter at the Klamath County District Attorney. Second Am. Compl. ¶ 5. On August 28, 2012, the Governor "appointed [ ] Stapleton to serve as District Attorney for Lake County[.]" Second Am. Compl. ¶ 4. The transfer of Mrs. Gonzales' case was effective September 4, 2012. Second Am. Compl. ¶ 5. That same day, the Governor "appointed [ ] Stapleton to replace Defendant and complete Defendant's unexpired term of office." Second Am. Compl. ¶ 5. On October 4, 2012, Stapleton obtained a court order returning Mrs. Gonzales' case to his office. Second Am. Compl. ¶ 5. Stapleton dismissed the charges against her. Second Am. Compl. ¶ 5.

## STANDARD

Under FED. R. CIV. P. 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on

---

[1] Plaintiffs assert the date of Defendant's removal from public office is a mixed issue of law and fact. Pls.' Mot. to Amend, at 2. Plaintiffs have communicated their desire to seek a determination from the Oregon Supreme Court regarding the correct date. Id. The Court declines to certify this question to state court at this time.

other grounds, Davis v. Scherer, 468 U.S. 183 (1984). In answering this question, the court must assume that the plaintiff's allegations are true and draw all reasonable inferences in the plaintiff's favor. Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). A complaint need not make "detailed factual allegations," however, "a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss under FED. R. CIV. P. 12(b)(6), plaintiffs must allege sufficient facts to "raise a right to relief above the speculative level." Id. That is, plaintiffs must show that their claims are not merely conceivable, but plausible. Id. at 570; Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

## DISCUSSION

As a threshold matter, Plaintiffs request leave to file an amended complaint to correct a misstated date. Defendant opposes amendment. FED. R. CIV. P. 15(a)(2) instructs the Court to "freely give leave when justice so requires." This rule should be interpreted with "extreme liberality." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). However, this does not mean the Court should grant leave to amend automatically. Whether to allow leave to amend lies within the sound discretion of the trial court. Id. In exercising this discretion, the court "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." Id. There are several factors the Court should consider when assessing the propriety of amendment: (1) undue delay, (2) bad faith, (3) prejudice to the opposing party, (4) futility of amendment, and (5) repeated failure to cure deficiencies through prior amendment. Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003)). Applied to Plaintiffs' request, these factors weigh heavily in favor of amendment. Plaintiffs' request is not made in bad faith. The correction of an erroneous allegation is not futile or repetitive. At this early stage in the suit, amendment will not

unduly delay the proceedings or prejudice Defendant. For these reasons, Plaintiffs' motion for leave to amend is GRANTED.

As for Defendant's motion to dismiss, Plaintiffs allege Defendant transferred Ms. Gonzales' case out of the district in order to punish Mr. Gonzales for his political opposition to Defendant's reelection. They assert claims of First Amendment retaliation and malicious prosecution. Defendant moves for an order dismissing Plaintiffs' complaint for failure to state a claim on three grounds: (1) Plaintiffs' claims are barred by the statute of limitations; (2) the Eleventh Amendment bars Plaintiffs' malicious prosecution claim; and (3) Plaintiffs' claims are barred by absolute prosecutorial immunity. The Court considers each proposed basis for dismissal in turn.

## I.        Statute of Limitations

Plaintiffs commenced this civil rights action on August 21, 2014. Original Compl. Oregon's two-year statute of limitations for personal injury actions applies to claims brought under section 1983. Wallace v. Kato, 549 U.S. 384, 387 (2007) (state general personal injury statutes of limitations are borrowed for section 1983 claims); Or. Rev. Stat. § 12.110(1). Accordingly, Plaintiffs were required to file suit within two years after their section 1983 claims "accrued" — i.e, after Plaintiffs "kn[ew] or ha[d] reason to know of the injury which is the basis of the action." Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998) (quoting Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir. 1994)).

The accrual date of a section 1983 claim occurs when the plaintiff has "a complete and present cause of action." Wallace, 549 U.S. at 388. Put differently, the statute of limitations begins to accrue when the plaintiff "can file suit and obtain relief." Id. To state a claim for malicious prosecution in Oregon, a plaintiff must allege, among other things, that the proceeding

terminated in her favor. See Usher v. City of L.A., 828 F.2d 556, 561–62 (9th Cir. 1987) (in determining whether a plaintiff states a section 1983 claim for malicious prosecution, the Ninth Circuit applies the state law elements of a malicious prosecution claim); Mantia v. Hanson, 190 Or.App. 412, 419–20 (2003). It follows that Mrs. Gonzales' malicious prosecution cause of action was not complete until after October 4, 2012, when the county dismissed the case against her. The statute of limitations began to accrue at that time.

To state a claim of First Amendment retaliation, a plaintiff must allege, among other things, that the defendant took actions intended to chill the plaintiff's exercise of his First Amendment rights. See Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999). Defendant secured the transfer of Mrs. Gonzales' case to another county for continued prosecution on August 27, 2012. Mr. Gonzales now claims Defendant transferred the case for the purpose of punishing his political involvement. Obviously, Plaintiffs could not have filed this claim until Defendant's allegedly unconstitutional action occurred. Plaintiffs timely filed the present suit within two years of the case's transfer. Dismissal under the statute of limitations is not appropriate.

## II.    Eleventh Amendment

Defendant asserts he is immune from suit under the Eleventh Amendment. The amendment bars a citizen from bringing a suit "against one of the United States" in federal court. U.S. CONST. amend. XI; Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997). The U.S. Supreme Court reads "against one of the United States" to include "not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities." Regents of the Univ. of California, 519 U.S. at 429.

Plaintiffs' complaint names a former official — David Schutt — as its only defendant. Where, as here, a complaint names an official as a defendant without specifying the capacity in which he is sued, the Ninth Circuit presumes the official is sued in his personal capacity. Romano v. Bible, 169 F.3d 1182, 1186 (9th Cir. 1999); see also Cerrato v. S.F. Cmty. Coll. Dist., 26 F.3d 968, 973 n.16 (9th Cir. 1994) (a section 1983 suit for damages against state officials necessarily implies a suit against those officials in their individual or personal capacities). "Any other construction would be illogical where the complaint is silent as to capacity, since a claim for damages against state officials in their official capacities is plainly barred." Shoshone-Bannock Tribes v. Fish & Game Comm'n, Idaho, 42 F.3d 1278, 1284 (9th Cir. 1994). Defendant does not point to any evidence to rebut this presumption or otherwise indicate that the state would be liable for a judgment against Defendant. Therefore, he has not met his burden of demonstrating his Eleventh Amendment immunity from suit. Hyland v. Wonder, 117 F.3d 405, 413 (9th Cir. 1997) ("The party asserting Eleventh Amendment immunity has the burden of proving its applicability."). Dismissal on this basis should be denied.

### III.        Prosecutorial Immunity

Defendant asserts absolute prosecutorial immunity shields him from Plaintiffs' suit. The U.S. Supreme Court takes a "functional approach" to absolute immunity. Romano, 169 F.3d at 1186. To determine its applicability, the Court looks to the *nature* of the function performed, not the *identity* of the actor who performed it. Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993). A prosecutor is entitled to absolute immunity from section 1983 damages claims for conduct "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Such conduct includes the initiation of the prosecution, the preparation and filing of an arrest warrant, the appearance at a probable cause hearing to support a search warrant

application, and the presentation of the state's case. Ewing v. City of Stockton, 588 F.3d 1218, 1232–33 (9th Cir. 2009). Absolute immunity, however, does not attach to administrative or investigatory acts by prosecutors unrelated to their preparation for and initiation of prosecution. Romano, 169 F.3d at 1186. Thus, to determine whether Defendant is entitled to absolute immunity, the Court must assess the nature of the function performed by Defendant that Plaintiffs allege was unconstitutional. This inquiry is "complicated by the fact that the Supreme Court has resisted any attempt to draw a bright-line between" functions warranting absolute versus qualified immunity. Genzler v. Longanbach, 410 F.3d 630, 637 (9th Cir. 2005).

Here, Defendant has not presented any definitive authority indicating that a prosecutor acts in an advocacy role, and not an administrative capacity, when he transfers a case. Accordingly, Defendant has not met his burden to prove absolute immunity. Burns v. Reed, 500 U.S. 478, 486 (1991) ("the official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question."). The Court should decline to determine the availability of absolute immunity as a matter of law at this time. Hill v. City of New York, 45 F.3d 653, 663 (2d Cir. 1995) ("when it may not be gleaned from the complaint whether the conduct objected to was performed by the prosecutor in an advocacy or an investigatory role, the availability of absolute immunity from claims based on such conduct cannot be decided as a matter of law on a motion to dismiss."). Instead, the Court should deny Defendant's motion to dismiss and resolve the availability of absolute immunity after facts have been developed in discovery. "This does not subject the Defendants to improper litigation for immune acts — the litigation and discovery must still encompass facts at the boundaries in order to adjudicate the

/ / /

/ / /

boundaries." <u>Donahoe v. Arpaio</u>, 869 F. Supp. 2d 1020, 1059 (D. Ariz. 2012), <u>aff'd sub nom.</u>

<u>Stapley v. Pestalozzi</u>, 733 F.3d 804 (9th Cir. 2013).

## RECOMMENDATION

For the reasons stated above, the Court GRANTS Plaintiffs' motion (#11) and recommends that Defendant's motion (#7) be DENIED. The Court declines at this procedural stage to certify any questions to state court.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. FED. R. CIV. P. 72. If objections are filed, any response is due within fourteen (14) days after being served with a copy of the objections. <u>Id.</u>

DATED this _____ day of December 2014.

_____
MARK D. CLARKE
United States Magistrate Judge