IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BONNIE JEAN GONZALES            Case No. 1:14-cv-01347-CL
and ORLANDO GONZALES,                    O R D E R

    Plaintiffs,

  v.

DAVID SCHUTT,

    Defendant.

AIKEN, Chief Judge:

    Magistrate Judge Clarke filed his Findings and Recommendation on May 21, 2015. Magistrate Judge Clarke recommends that defendant David Schutt's motion for summary judgment be granted, finding that absolute prosecutorial immunity precluded plaintiffs Bonnie and Orlando Gonzales' claims. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

Page 1 - ORDER

When either party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must make a de novo determination of that portion of the magistrate judge's report. 28 U.S.C. § 636(b)(1)(C); <u>McDonnell Douglas Corp. v. Commodore Bus. Machs., Inc.</u>, 656 F.2d 1309, 1313 (9th Cir. 1981), <u>cert. denied</u>, 455 U.S. 920 (1982).

On June 20, 2015, plaintiffs filed timely objections. That same day, plaintiffs also moved for an order certifying the following question to the Oregon Supreme Court: "When a public official submits a resignation after the filing of recall petitions with the Secretary of State, does that resignation take effect immediately upon the certification of sufficient signatures to require a recall election; or may the official make the resignation effective at any date after such certification as he may choose, and thereby avoid either an election or removal from office until his chosen date?" Pls.' Mot. Certification 2.

Regarding plaintiffs' objections, the Court reviews this case de novo and agrees with Magistrate Judge Clarke's analysis and conclusions. Critically, as both established precedent and the Findings and Recommendation make clear, the title of the officer performing the prosecutorial act is irrelevant: "[i]mmunity attaches to the nature of the function performed, not the identity of the actor who performed it." <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 912-13 (9th Cir. 2012) (citations omitted); <u>see also</u> Findings & Recommendation 7 (May 21, 2015) ("[a] person with lacking or questionable title is not barred from invoking prosecutorial

Page 2 - ORDER

immunity [as] courts have extended the protections of absolute prosecutorial immunity to non-prosecutors") (collecting cases). Accordingly, plaintiffs' objections - which are based on the flawed premise that "the immunity defense is available only to prosecutors" - are unavailing. Pls.' Objections 4.

Concerning plaintiffs' motion for certification, the proposed question fails to meet the criteria articulated in <u>Western Helicopter Servs., Inc. v. Rogerson Aircraft Corp.</u>, 311 Or. 361, 811 P.2d 627 (1991), and therefore does not comply with LR 83-15.[1] Amongst other issues, the proposed question is not "one whose answer may determine the cause" - i.e. resolving this question does not "have the potential to determine at least one claim in the case." <u>Western Helicopter Servs.</u>, 311 Or. at 365. As denoted above, whether defendant was the District Attorney prior to August 31, 2012, does not forestall the application of absolute immunity, as the "decision to appoint a special prosecutor" is a protected function. <u>Lacey</u>, 693 F.3d at 928-34. Moreover, plaintiffs' question misstates the undisputed facts; the Court is not confronted with a situation wherein an official offered his resignation after a completed recall petition was submitted but before it was certified. Rather, the uncontravened evidence of record

---

[1] While not dispositive, the timing of plaintiffs' motion subverts the judicial process; they obtained an adverse ruling on the merits and sought an extension to file objections before renewing their request for certification. See <u>Gonzales v. Schutt</u>, 2015 WL 365696, *1 (D.Or. Jan. 27, 2015) (denying plaintiffs' previous motion for certification raised pursuant to defendant's motion to dismiss).

Page 3 - ORDER

demonstrates that a sufficient number of recall signatures were not filed with the Secretary of State until after defendant resigned. Second Am. Compl. ¶¶ 4-5; Pls.' Resp. to Mot. Summ. J. 4 (citing Force Decl. Exs. 1-2); Findings & Recommendation 2 (May 21, 2015). As a result, the Secretary of State rescinded the recall notice as moot and the plain language of Article II, Section 18, of the Oregon Constitution was never invoked. Van Meter Decl. Exs. B-D.

In sum, this Court ADOPTS the Magistrate's Findings and Recommendation (doc. 36) in its entirety; defendant's motion for summary judgment (doc. 25) is GRANTED. Further, plaintiffs' motion for certification (doc. 40) is DENIED. This case is DISMISSED.

IT IS SO ORDERED.

Dated this 23 day of July 2015.

*Ann Aiken*
Ann Aiken
United States District Judge